**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **FREEBIRD, INC., on behalf of itself and others similarly situated,** | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| **v.** | ) | **No. 10-1154-KHV-JPO** |
| **MERIT ENERGY CO. (including predecessors and successors),** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

Plaintiff class brings suit against Merit Energy Co. alleging that it violated the Kansas implied covenant to market by passing on to class members the costs of gathering, treating and processing gas and its constituents into marketable condition. This matter comes before the Court on Plaintiff Class's Motion To File Under Seal (Doc. #54) filed November 18, 2011. The class asks the Court to seal eight contracts between defendant and various entities. The contracts covered defendant's purchase of gas conditioning services (i.e. gathering, treating and processing) and sale of gas products. The class also asks to seal its motion for partial summary judgment because it references and recites portions of the contracts. The only stated reason to seal these documents is that they are subject to a protective order that a state court entered before defendant removed the case to federal court.

Federal courts have long recognized a common-law right of access to judicial records. Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges

are honest. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980); Worford v. City of Topeka, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004). The public's right of access, however, is not absolute. Helm, 656 F.3d at 1292. The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access. Id.; United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985). In exercising its discretion, the Court weighs the public's interests, which it presumes are paramount, against those advanced by the parties. Helm, 656 F.3d at 1292; Dobbins, 616 F.2d at 461. The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption. Helm, 656 F.3d at 1292; Mann, 477 F.3d at 1149.

In support of its motion to seal, the class alleges only that the contracts are subject to a stipulated protective order entered by the state court. Plaintiff Class's Motion To File Under Seal (Doc. #54) at 1-2 and Exhibit 1 attached thereto. A similar situation arose in Helm, a Tenth Circuit case in which the parties sought to seal certain confidential discovery material that was subject to a protective order entered by the district court. In that case, the Tenth Circuit held as follows:

> Even assuming, however, that the district court's protective order is valid and has continuing effect in that court, the order cannot limit our authority to decide whether the parties may file documents under seal in this Court. See Dobbins, 616 F.2d at 461 ("It is beyond question that this Court has discretionary power to control and seal, if necessary, records and files in its possession."). Moreover, the parties cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court. Rather, the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process. Because the parties have not come close to meeting that heavy burden, we deny the motions to seal.

Helm, 656 F.3d at 1292-93. The Tenth Circuit's reasoning in Helm applies here. As in Helm, the class has not articulated a substantial interest that justifies overriding the public's substantial interest

in access to court records. The Court therefore overrules the motion to seal.

**IT IS THEREFORE ORDERED** that Plaintiff Class's Motion To File Under Seal (Doc. #54) filed November 18, 2011 be and hereby is **OVERRULED**.

Dated this 5th day of December, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge