IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FREEBIRD, INC., on behalf of itself and )
others similarly situated, )
  )
       Plaintiff, )
  ) CIVIL ACTION
v. )
  ) No. 10-1154-KHV
MERIT ENERGY CO. (including )
predecessors and successors), )
  )
       Defendant. )
_____ )

**MEMORANDUM AND ORDER**

Freebird, Inc. brings class action claims on behalf of royalty owners contesting the method by which Merit Energy Co. calculates natural gas royalties. Freebird alleges that Merit Energy Co. violated the Kansas implied covenant to market by improperly passing on to plaintiffs the costs of processing natural gas and its constituents into marketable condition. It seeks to recover underpayment of royalties under three theories: breach of lease (Count I), unjust enrichment (Count II) and accounting (Count III). Specifically, it seeks money damages, costs and attorney fees and injunctive relief.

With limited exclusions, the Court has certified a class consisting of "[a]ll royalty owners of Merit Energy Co. (or its predecessors and successors) from Kansas wells that have produced gas and/or gas constituents (such as residue gas, natural gas liquids, helium, nitrogen, or condensate) from January 1, 1998 to the present." Memorandum And Order (Doc. #33) filed January 4, 2011. After extensive discovery and motion practice, the parties reached a settlement. This matter is before the Court on Plaintiff Class's Unopposed Motion For Preliminary Approval Of Settlement, Approval Of Class Notice, And Scheduling Of Fairness Hearing (Doc. #193) filed November 19,

2012.  For the reasons stated below, the Court sustains the motion in part.

## **Factual And Procedural Background**

Plaintiffs bring class action claims that defendant underpays royalties on the gas which it extracts from class members' land.  Plaintiffs own interests in wells that produce gas and constituent products, including residue gas, natural gas liquids, helium, nitrogen and condensate.  Each class member has a lease and royalty agreement under which defendant extracts gas from the class member's land, sells it and pays the class member a royalty – a percentage of the revenue which defendant receives from the sale, typically one-eighth.  Each class member has separate, and potentially different, lease and royalty agreements.  Defendant, however, admits that even though individual lease and royalty provisions may be different, it calculates each class member's royalty payment the same way.

Defendant pays royalties based on the net revenue that it receives from selling the gas under its marketing contracts.  Plaintiffs contend that defendant short-changes the royalty payments by paying royalties on net proceeds, thereby passing on to class members a portion of the third-party processing costs.  Defendant denies, and has vigorously contested, plaintiffs' claims.  Plaintiffs allege that defendant has operated more than 400 gas wells in Kansas and that class members number more than 3,000.

On January 4, 2011, the Court certified the following class:

All royalty owners of Merit Energy Co. (or its predecessors and successors) from Kansas wells that have produced gas and/or gas constituents (such as residue gas, natural gas liquids, helium, nitrogen, or condensate) from January 1, 1998 to the present.

Excluded from the Class are: (1) the Mineral Management Service (Indian tribes and the United States); (2) Defendant, its affiliates, predecessors, and employees, officers and directors; and (3) Any NYSE or NASDAQ listed company (and its subsidiaries)

engaged in oil and gas exploration, gathering, processing, or marketing.

First Amended Complaint – Class Action (Doc. #15) ¶ 11.

On October 8, 2012, the parties notified the Court that they had agreed in principle to a settlement. Plaintiffs now ask the Court to preliminarily certify a settlement class and to preliminarily approve the settlement agreement. The proposed settlement class is defined as follows:

> All Royalty owners of Merit from Kansas wells that have produced Natural Gas, Helium, and Liquids from January 1, 1998 to February 7, 2011.
>
> Excluded from the Class are: (1) the Mineral Management Service (n/k/a ONRR) (Indian tribes and the United States); (2) Merit, and employees, officers, and directors; and (3) Any NYSE or NASDAQ listed company (and its subsidiaries) engaged in oil and gas exploration, gathering, processing, or marketing.

Plaintiff Class's Memorandum In Support Of Its Motion For Preliminary Approval Of Settlement, Approval Of Class Notice, And Scheduling Of Fairness Hearing (Doc. #194) filed November 19, 2012 at 2; Settlement Agreement (Doc. #194-1) filed November 19, 2012 at 6-7. The settlement class does not include any person or entity that opted out of the class in response to the notice of class certification mailed pursuant to the court order on February 7, 2011. Settlement Agreement (Doc. #194-1) filed November 19, 2012 at 7.

## **Analysis**

Preliminary approval of a class action settlement agreement requires preliminary certification of a settlement class and preliminary approval of the settlement itself based on whether it is fair, adequate and reasonable. Although the Court has already certified a class, the proposed settlement class is slightly different. The Court will therefore consider the differences and determine whether preliminary certification of the settlement class is appropriate.

**I.      Preliminary Settlement Class Certification**

Federal Rule of Civil Procedure 23 governs class certification in federal court. Whether to certify a class is left to the broad discretion of the trial court. Shook v. El Paso Cnty., 386 F.3d 963, 967 (10th Cir. 2004). It must, however, conduct a rigorous analysis to determine whether the parties seeking certification have shown that the putative class satisfies the prerequisites of Rule 23. Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011); DG ex rel. Stricklin v. Devaughn, 594 F.3d 1188, 1194 (10th Cir. 2010).

As the party seeking class certification, plaintiffs have the burden to prove that the requirements of Rule 23 are satisfied. D. Kan. Rule 23.1(d); Shook, 386 F.3d at 968. Plaintiffs must first demonstrate that

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

After meeting these requirements, plaintiffs must demonstrate that the proposed class action fits within one of the categories described in Rule 23(b), Fed. R. Civ. P. Here, plaintiffs ask the Court to certify a settlement class under Rule 23(b)(3). Under that provision, plaintiffs must show that "questions of law or fact common to the members of the class predominate over any questions affecting individual members" and that a class action "is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In determining predominance and superiority under Rule 23(b)(3), the Court considers the following factors:

> (A)    the class members' interests in individually controlling the prosecution or

>       defense of separate actions;
> (B)   the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C)   the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D)   the likely difficulties in managing a class action.

Id.  To certify a settlement class, the Court need not inquire whether the case, if tried, would present difficult management problems under Rule 23(b)(3)(D).  Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997).  But all of the other requirements apply and they demand heightened attention in the settlement context.  Id.  Close scrutiny is vital in the settlement context because the Court generally lacks an opportunity to adjust the class as the case unfolds.  Id.

Here, plaintiffs ask the Court to preliminarily certify the following settlement class:

> All Royalty owners of Merit from Kansas wells that have produced Natural Gas, Helium, and Liquids from January 1, 1998 to February 7, 2011.
>
> Excluded from the Class are: (1) the Mineral Management Service (n/k/a ONRR) (Indian tribes and the United States); (2) Merit, and employees, officers, and directors; and (3) Any NYSE or NASDAQ listed company (and its) engaged in oil and gas exploration, gathering, processing, or marketing.

Plaintiff Class's Memorandum In Support (Doc. #194) at 2; Settlement Agreement (Doc. #194-1) at 6-7.  The settlement class also will not include anyone who opted out of the class in response to the notice of class certification mailed pursuant to the court order on February 7, 2011.  Settlement Agreement (Doc. #194-1) at 7.

This class is substantially the same as the class the Court has already certified.  On January 4, 2011, the Court certified the following class:

> All royalty owners of Merit Energy Co. (or its predecessors and successors) from Kansas wells that have produced gas and/or gas constituents (such as residue gas, natural gas liquids, helium, nitrogen, or condensate) from January 1, 1998 to the present.

5

> Excluded from the Class are: (1) the Mineral Management Service (Indian tribes and the United States); (2) Defendant, its affiliates, predecessors, and employees, officers and directors; and (3) Any NYSE or NASDAQ listed company (and its subsidiaries) engaged in oil and gas exploration, gathering, processing, or marketing.

Memorandum And Order (Doc. #33) at 3, 19 (quoting First Amended Complaint – Class Action (Doc. #15) ¶ 11).

The only two changes to the class definition are: (1) replacing "Merit Energy Co. (or its predecessors and successors)" with "Merit," which the settlement agreement defines as "Merit Energy Company, LLC and all of its predecessor entities, subsidiaries, and affiliates (including partnerships for which Merit Energy Company, LLC, is a direct or indirect general partner)," Settlement Agreement (Doc. #194-1) at 4; and (2) replacing "gas and/or gas constituents (such as residue gas, natural gas liquids, helium, nitrogen, or condensate)" with " Natural Gas, Helium, and Liquids," which the settlement agreement defines as "natural gas and/or associated liquid hydrocarbons and helium, but does not include oil, condensate or other liquid hydrocarbons recovered by mechanical separators at or near the wellhead and before the Custody Transfer Meter," id. at 5.

Because the proposed settlement class is substantially the same as the class the Court has already certified, the Court preliminarily certifies the settlement class for substantially the same reasons as those stated in the previous class certification order. See Memorandum And Order (Doc. #33) at 5-17. In light of Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011), which addressed the standard for commonality under Rule 23(a)(2), the Court reiterates that defendant does not dispute that during the class period it calculated royalty payments for plaintiffs in the same way. Id. at 8. The class claims therefore "depend upon a common contention," the determination of which will resolve in one stroke an issue that is central to the validity of each one of the claims.

6

Dukes, 131 S. Ct. at 2551.

**II.     Preliminary Approval Of Proposed Settlement**

Under Rule 23(e), the Court must approve the settlement, compromise or dismissal of certified class claims. The Court may approve a settlement upon finding that it is fair, reasonable and adequate. See Fed. R. Civ. P. 23(e)(2). The purpose of preliminary approval is to determine whether the proposed settlement is within the range of possible approval, i.e. whether there is any reason not to notify class members of the proposed settlement and proceed with a fairness hearing. See Gautreaux v. Pierce, 690 F.2d 616, 621 n.3 (7th Cir. 1982); Am. Med. Ass'n v. United Healthcare Corp., No. 00 Civ. 2800(LMM), 2009 WL1437819, at *3 (S.D.N.Y. May 19, 2009); In re Motor Fuel Temperature Sales Practices Litig., 258 F.R.D. 671, 675-76 (D. Kan. 2009); 4 Robert Newberg, Newberg on Class Actions § 11:25 at 38 (4th ed. 2002).

In determining whether a proposed settlement is fair, reasonable and adequate, the Court considers the following factors :

> (1)   whether the proposed settlement was fairly and honestly negotiated;
> (2)   whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
> (3)   whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
> (4)   the judgment of the parties that the settlement is fair and reasonable.

Rutter & Wilbanks Corp. v. Shell Oil Co., 314 F.3d 1180, 1188 (10th Cir. 2002). Although the standard for preliminary approval of a class settlement is less stringent than that applied to final approval, see Karvaly v. eBay Inc., 245 F.R.D. 71, 86 (E.D.N.Y. 2007), these factors are a useful guide at the preliminary approval stage, see Lucas v. Kmart Corp., 234 F.R.D. 688, 693 (D. Colo. 2006); Am. Med. Ass'n, 2009 WL1437819 at *3.

The Court assesses the reasonableness of the compromise by taking into account the context

in which the parties reached settlement. See Nat'l Treasury Emp. Union v. United States, 54 Fed. Cl. 791, 797 (2002). It will ordinarily grant preliminary approval where the proposed settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." Am. Med. Ass'n, 2009 WL1437819 at *3. Although the Court must assess the strength of plaintiffs' claims, it should "not decide the merits of the case or resolve unsettled legal questions." Nat'l Treasury Emp. Union, 54 Fed. Cl. at 797 (quoting Carson v. Am. Brands, Inc., 450 U.S. 79, 88 n.14 (1981)). If the Court grants preliminary approval, it directs notice to class members and sets a hearing after which it will make a final determination on the fairness of the class settlement.

The fully executed settlement agreement provides that (1) defendant will pay $7,750,000 for past claims and the right to pay future royalties in accordance with the settlement agreement; (2) defendant will pay all costs of settlement notice and administration and distribution of the settlement fund; (3) defendant will pay a reasonable incentive award to named plaintiff, up to .6 per cent of the fund, i.e. $465,000; and (4) defendant has stopped deducting conservation fees from its royalty payments. In return for defendant's performance, the settlement class members will amend their leases to allow payment of future royalties in accordance with the settlement agreement and release all settled claims, which includes any claims for underpayment of royalties for gas.

The agreement states that defendant will calculate and pay future royalties based on 105 per cent of the following amounts: (1) with respect to sales occurring at the custody transfer meter, all monies which defendant receives from the sale to third-party buyers/processors of natural gas, helium and liquids, including sale of unprocessed natural gas, helium, and liquids, or (ii) with

respect to sales occurring downstream of the custody transfer meter, all monies which defendant receives from the sale to third-party buyers/processors of natural gas, helium and liquids, including sale of processed or unprocessed natural gas, helium and liquids, less all third-party costs (including volumetric shrink) incurred between the custody transfer meter and the points of sale.[1] Defendant's royalty payments will be subject to appropriate withholdings for severance and/or ad valorem taxes, but will not otherwise be subject to reductions or deductions.

The estimated total value of the settlement is $8,153,908, which includes the $7,750,000 settlement payment, cost of class notice and claims administration valued at $100,000 and the estimated present value of the change in the way defendant will calculate future royalties valued at $393,908. The parties have no agreement regarding the payment of attorney fees or expenses, but plaintiffs will ask the Court to approve a fee of 33 per cent of the total value of the settlement, an additional 5 per cent fee if the settlement is appealed and sustained, and up to $470,000 in litigation expenses to be paid from the settlement fund.

Here, the foregoing four factors all weigh in favor of preliminary settlement approval: (1) the settlement appears to be the product of fair and honest negotiations between adverse parties; (2) the parties have aggressively litigated this case and as evidenced by the five cross-motions for partial summary judgment that the parties have filed and fully briefed, serious questions remain; (3) the value of the settlement described above appears to outweigh the mere possibility of future relief after protracted and expensive litigation; and (4) counsel for both parties attest that they believe the

---

[1] For example, if defendant sells natural gas, helium and liquids produced from Well ABC at the custody transfer meter to a third-party purchaser and receives sales proceeds in the amount of $100, and if Settlement Class Member XYZ has a 12.5 per cent (0.125) royalty interest in Well ABC, then defendant will calculate its Well ABC royalty based on a value of $105 and make a royalty payment to Settlement Class Member XYZ in the amount of $13.125 ($105.00 x 0.125).

9

settlement is fair and reasonable. Because the parties' settlement agreement falls within the range of possible approval, the Court preliminarily approves the settlement.

### III.     Notice And Hearing

Under Federal Rule of Civil Procedure 23(e), when parties settle a certified class action, the following procedures apply:

> (1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.
> (2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.
> (3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.
> (4) If the class action was previously certified under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so.
> (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

Fed. R. Civ. P. 23(e).

The parties have submitted a proposed settlement notice. See Settlement Agreement, Notice Of Settlement Of Class Action (Doc. #194-1) at 30-35. Class notice must clearly and concisely state in plain, easily understood language, the following:

> (I) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

The Court has reviewed the parties' proposed notice and with the following two exceptions,

approves it as written: (1) the deadlines for opting out and for filing objections and (2) the requirements for filing objections. The Court finds that the deadline for opting out and filing objections (December 17, 2012) is unreasonably short, particularly since the deadline falls during the busy holiday season. The Court finds that class members should have until February 1, 2013, to opt out of the class or file objections to the proposed settlement. The parties' responses to any objections are due on or before March 1, 2013.

The restrictions on filing objections are also unreasonably onerous. The proposed class notice requires objections to contain the following:

> (a) A heading referring to Freebird v. Merit, Case No. 10-1154-KHV-JPO in the U.S. District Court for the District of Kansas;
> (b) That the objector will appear at the Settlement Fairness Hearing in person;
> (c) A detailed statement of the specific legal and factual basis for each and every objection, including a list of any legal authorities, and attaching any evidence from witnesses or documents that the objector may seek to use at the Settlement Fairness Hearing;
> (d) The objector's current address and current telephone number, and dates when the objector can be deposed before the Settlement Fairness Hearing;
> (e) The objector's signature acknowledged by a Notary Public;
> (f) Identification of each Class Well in which you have an interest along with your Merit royalty owner number; and
> (g) Be signed by the individual royalty owner(s), all trustees or a majority of the trustees of any trust, or the duly authorized officer or representative of any other entity.

Settlement Agreement, Notice Of Settlement Of Class Action (Doc. #194-1) at 33-34.

Paragraphs (b) and (c), the requirement in paragraph (d) that the objector list dates when the objector can be deposed, the requirement in paragraph (e) that a notary public acknowledge the objector's signature and paragraph (g) are unnecessarily burdensome and seem to be designed to discourage class members from filing objections. The Court therefore strikes these requirements from the notice. Accordingly, the parties shall amend the notice to require only the following:

11

      (a) A heading referring to Freebird v. Merit, Case No. 10-1154-KHV-JPO in the U.S. District Court for the District of Kansas;
      (b) The objector's current address and telephone number;
      (c) The objector's signature; and
      (d) Identification of each Class Well in which the objector has an interest along with your Merit royalty owner number.

With these changes, the Court approves the parties' proposed notice of settlement, which is attached as Exhibit C to the settlement agreement. See Settlement Agreement, Notice Of Settlement Of Class Action (Doc. #194-1) at 30-35.

**IT IS THEREFORE ORDERED** that Plaintiff Class's Unopposed Motion For Preliminary Approval Of Settlement, Approval Of Class Notice, And Scheduling Of Fairness Hearing (Doc. #193) filed November 19, 2012, be and hereby is **SUSTAINED in part**. The Court preliminarily certifies the proposed class and preliminarily approves the parties' settlement agreement. The law firm of Gunderson, Sharp & Walke, L.L.P. shall continue as class counsel. With the changes stated above, the Court approves the form and the content of the notice attached to the settlement agreement as Exhibit C. Settlement Agreement, Notice Of Settlement Of Class Action (Doc. #194-1) at 30-35.

Within seven calendar days, defendant shall deposit the initial settlement payment of $7,750,000 into the escrow account established pursuant to the escrow agreement, as provided in paragraph 5 of the settlement agreement.

Within ten calendar days, defendant shall provide notice to class members by first class mail and provide any other notices that may be required by law.

On or before January 15, 2013, class counsel and defendant shall file initial motions and memoranda in support of final class settlement approval, and class counsel shall file their request for attorney fees, expense reimbursement and incentive awards for named plaintiff. Plaintiffs'

12

request for attorney fees must comply with D. Kan. Rule 54.2, except that the deadlines stated herein displace any deadlines in the Rule.

On March 18, 2013, at 9:30 a.m., the Court will hold a fairness hearing to consider final approval of the proposed class settlement, class counsel's request for attorney fees, expense reimbursements and incentive awards for the named plaintiff. The hearing may be reset or adjourned at any time by order of this Court without further notice other than publicly available notice through ECF. The purpose of the final fairness hearing is to determine whether the settlement agreement is fair, reasonable and adequate; whether class counsel's application for an award of attorney fees, expense reimbursements and incentive awards should be approved; and whether this Court should enter a final order and judgment approving the settlement agreement, dismissing and releasing claims identified in the settlement agreement with prejudice, and approving the plan of allocation and administration as fair, reasonable and adequate.

**IT IS FURTHER ORDERED** that all pending discovery and case management deadlines in this action are stayed until further order of the Court.

**IT IS FURTHER ORDERED** that the following motions be and hereby are **OVERRULED without prejudice**: Plaintiff Class's Motion For Partial Summary Judgment (Doc. #62) filed December 8, 2011; Defendant's Cross-Motion For Partial Summary Judgment Re: Marketable Condition (Doc. #66) filed December 19, 2011; Defendant's Motion For Partial Summary Judgment Applicable To Waechter And Matzen Leases (Doc. #78) filed February 24, 2012; Defendant's Motion For Partial Summary Judgment Regarding Prejudgment Interest (Doc. #88) filed March 9, 2012; Plaintiff Class's Motion For Partial Summary Judgment On Marketable Condition Rule By Seriatim Type Of Royalty Deduction (Doc. #92) filed March 23, 2012; Plaintiff Class's Motion To

File Under Seal (Doc. #133) filed May 2, 2012; Defendant's Request For Oral Argument (Doc. #137) filed May 7, 2012; Defendant's Motion In Limine To Exclude Certain Expert Testimony Of Daniel T. Reineke (Doc. #140) filed June 20, 2012; Defendant's Motion In Limine To Exclude The Expert Testimony Of Barbara Ley (Doc. #141) filed June 21, 2012; Defendant's Motion In Limine To Exclude The Expert Testimony Of M. Phyllis Bourque (Doc. #142) filed June 22, 2012; Plaintiff Class's Motion To File Under Seal (Doc. #145) filed July 12, 2012; Plaintiff Class's Motion To Strike (Doc. #154), Plaintiff Class's Motion In Limine To Exclude The Testimony And Expert Report Of David T. Deal (Doc. #155) and Plaintiff Class's Motion In Limine To Exclude The Testimony And Expert Report of Robert C. Means (Doc. #157) all filed July 27, 2012; Plaintiff Class's Motion In Limine To Exclude Testimony Of Nick Peters And Angie Harrington (Doc. #172) and Plaintiff Class's Omnibus Motion In Limine (Doc. #175) both filed August 13, 2012; and Plaintiff Class's Motion To Certify Questions Of Law To The Kansas Supreme Court (Doc. #184) filed August 28, 2012.

Dated this 6th day of December, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge